UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIEZER CLAUDIO LOZADA,

     Plaintiff,

v.                                Case No: 8:20-cv-1734-WFJ-JSS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Eliezer Claudio Lozada seeks judicial review of the denial of his claim for supplemental security income ("SSI").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the undersigned recommends that the decision be affirmed.

## BACKGROUND

### A.    Procedural Background

Plaintiff filed an application for SSI on December 7, 2017.  (Tr. 171.)  The Commissioner denied Plaintiff's claims both initially and upon reconsideration.  (Tr. 55–73.)  Plaintiff then requested an administrative hearing.  (Tr. 100.)  Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified.  (Tr. 33–54.)  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits.   (Tr. 21–28.)

Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–8.) Plaintiff then timely filed a Complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B.    Factual Background and the ALJ's Decision

Plaintiff, who was born in 1977, initially claimed disability beginning on January 1, 2013. (Tr. 171.) Through counsel, Plaintiff amended the alleged onset date to November 14, 2017. (Tr. 190.) Plaintiff has at least a high school education. (Tr. 26.) Plaintiff has no past relevant work experience. (Tr. 26.) Plaintiff alleged disability due to an injury to his to cervical spine and lower back, sciatic pain, and arthritis. (Tr. 193.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since December 7, 2017, the application date. (Tr. 23.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: cervical disc degeneration, lumbar spondylolisthesis, and obesity. (Tr. 23.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23–24.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) as follows:

> Specifically, the claimant is able to lift and/or carry twenty pounds occasionally and ten pounds frequently; sit for six hours in an eight-hour workday; stand and/or walk for six hours in an eight-hour workday; climb ramps and stairs occasionally; never climb ladders, ropes or scaffolds; stoop, kneel, crouch and crawl occasionally; never work at unprotected heights; never work with moving mechanical parts; never work in or around extreme cold; never work with or around vibration; and avoid hazards in the workplace (e.g., heavy/moving machinery, heights, hot surfaces, sharp objects, etc.).

(Tr. 24.)

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence of record. (Tr. 24–25.)

As noted, the ALJ determined that Plaintiff did not have any past relevant work. (Tr. 26.) Given Plaintiff's background and RFC, the Vocational Expert ("VE") testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as merchandise marker, routing clerk, and housekeeping cleaner. (Tr. 27, 46.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 27.)

## APPLICABLE STANDARDS

- 3 -

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only

if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ erred in her consideration of the medical opinion evidence; (2) the ALJ failed to consider the impact of Plaintiff's obesity; and (3) the ALJ erred by not performing analysis using the psychiatric review technique.   Upon consideration and for the reasons that follow, none of these contentions warrant reversal.

### A. Medical Opinion Evidence

Plaintiff first argues that the ALJ failed to properly evaluate the medical opinion evidence.  (Dkt. 22 at 9–11.)  According to Plaintiff, the ALJ improperly rejected the opinions of Plaintiff's treating physicians, Dr. Lorenzo Munoz and Dr. Mauricio Orbegozo.  Drs. Munoz and Orbegozo opined that Plaintiff had significant postural, non-exertional, exertional, and environmental limitations.  (Tr. 342–53.)  The ALJ found these opinions were inconsistent with the record evidence, lacked support in the record, and were therefore unpersuasive.  (Tr. 25.)

Prior to March 27, 2017, an ALJ was required to assign greater weight to the opinions of treating physicians.  This rule, referred to as the "treating physician rule," required the ALJ to assign controlling weight to the opinion of a treating physician if the opinion was well supported and not inconsistent with other evidence in the record. If an ALJ assigned less than controlling weight to a treating physician, the ALJ was required to provide good cause for doing so.  *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011).

- 6 -

However, the new Social Security Administration ("SSA") regulations, published on January 18, 2017 and effective on March 27, 2017, apply to this case and eliminate the treating physician rule. *See* 20 C.F.R. § 416.920c.   In revising the regulations to remove the treating source rule, the SSA explained that "under the old rules, courts reviewing claims tended to focus more on whether the agency sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision . . . these courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential to us."   Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017).

"Under the new rule, the SSA will consider the persuasiveness of all medical opinions and evaluate them primarily on the basis of supportability and consistency." *Mackey v. Saul*, No. 2:18-cv-2379-MGL-MGB, 2020 WL 376995, at *4, n.2 (D. S.C. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a), (c)(1)–(2)).   While there are several factors the ALJ must consider, "[t]he most important factors" are supportability and consistency.   20 C.F.R. § 416.920c(b)(2).   "Supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."   20 C.F.R. § 416.920c(c)(1).   "Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior

administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."  20 C.F.R. § 416.920c(c)(2).

The new regulations also changed the articulation standards for ALJs in assessing medical source opinions.  First, an ALJ need not assign evidentiary weight to the medical opinions in the record.  *See* 20 C.F.R. § 416.920c(a); *Tucker v. Saul*, No. 4:19-cv-759-RDP, 2020 WL 3489427, at *6 (N.D. Ala. June 26, 2020).  Second, because controlling weight is no longer required, the ALJ no longer needs to "give good reason" for the weight given to the treating source's medical opinion.  20 C.F.R. § 416.920c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources.").  Third, while the ALJ must explain how she considered the supportability and consistency factors for a medical source opinion, the ALJ need not explain how she considered any other factors. 20 C.F.R. § 416.920c(b)(2).

Here, the ALJ properly considered the opinions of Plaintiff's treating physicians, Drs. Munoz and Orbegozo, and articulated her consideration of the important factors.  The ALJ considered both opinions, identified her reasons for discounting them, and explained the supportability and consistency of the evidence. (Tr. 25.)  *See* 20 C.F.R. § 416.920c(c).  Both doctors found that Plaintiff needed a cane for ambulation and that Plaintiff could perform sedentary work with many additional limitations.  (Tr. 342–53.)  Dr. Munoz also found that Plaintiff would be absent three

or more days per month due to his impairments.  (Dkt. 352.)  However, the ALJ determined that the opinions of both doctors were inconsistent with the record evidence and lacked support in their own treatment records.  (Tr. 25.)  This assessment is supported by substantial evidence, as the record reflects that Plaintiff had a normal gait and walk, could remove his footwear without assistance, could climb on and off an exam table, and had normal strength in his lower extremities.  (Tr. 285, 295, 298, 300, 302, 304, 361, 367.)

To the extent Plaintiff identifies other evidence in the record that he thinks bolsters the opinions of Drs. Munoz and Orbegozo, the undersigned declines to reweigh the evidence and substitute its judgment for that of the ALJ.  *Bloodsworth*, 703 F.2d at 1239 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].");  *see Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) ("Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.") (punctuation and citation omitted);  *Miles*, 84 F.3d at 1400 ("If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it.").  Accordingly, the undersigned recommends that the ALJ applied the proper legal standards in considering the opinions of Drs. Munoz and Orbegozo and her evaluation is supported by substantial evidence.

**B.  Impact of Obesity**

Plaintiff next argues that the ALJ erred in her consideration of Plaintiff's obesity. (Dkt. 22 at 11–15.) Plaintiff notes that the ALJ found Plaintiff's obesity to be a severe impairment and contends that, by definition, Plaintiff's obesity therefore must significantly impact his ability to perform work-related activities. (Dkt. 22 at 12 (citing 20 C.F.R. § 404.1521(a).) Plaintiff further argues that the ALJ did not sufficiently explain how, if at all, Plaintiff's obesity impacts his functional limitations as set forth in the RFC. (Dkt. 22 at 13.)

An ALJ must consider a claimant's obesity when "determining if (1) a claimant has a medically determinable impairment, (2) the impairment is severe, (3) the impairment meets or equals the requirements of a listed impairment, and (4) the impairment bars claimant 'from doing past relevant work and other work that exists in significant numbers in the national economy.'" *Lewis v. Comm'r of Soc. Sec.*, 487 F. App'x 481, 483 (11th Cir. 2012) (citing Soc. Sec. Admin., *Titles II & XVI: Evaluation of Obesity*, SSR 02-1p (Sept. 12, 2002), *available at* 2002 WL 34686281 ("SSR 02-1p")). However, a finding or diagnosis of obesity "does not equate with a finding of disability." *Jones v. Berryhill*, No. cv 118-010, 2019 WL 922255, at *4 (S.D. Ga. Jan. 28, 2019), *report and recommendation adopted,* No. cv-118-010, 2019 WL 919007 (S.D. Ga. Feb. 25, 2019). Rather, to support a finding of disability, the record must include evidence demonstrating that a claimant's obesity affected his ability to perform work-related functions. *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005); *see Lewis*, 487 F. App'x at 483.

In 2019, the Social Security Administration ("SSA") issued a new ruling explaining how the SSA considers obesity when evaluating a claimant's RFC and disability. Soc. Sec. Admin., *Titles II & XVI: Evaluating Cases Involving Obesity*, SSR 19-2p (May 20, 2019), *available at* 2019 WL 2374244 (hereinafter, "SSR 19-2p").[1] Although obesity is not a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1, "the functional limitations caused by . . . obesity, either alone or in combination with another impairment(s), may medically equal a listing." SSR 19-2p at *2. Further, obesity, alone or in combination with other impairments, may increase the severity or functional limitations of another impairment. *Id.* The ALJ is therefore required to "consider the limiting effects of obesity when assessing a person's RFC." *Id.* at *4. Indeed, the RFC must reflect "the effect obesity has upon the person's ability to perform routine movement and necessary physical activity within the work environment." *Id.*

The record demonstrates that the ALJ properly considered Plaintiff's obesity. At step two of the sequential analysis, the ALJ found that Plaintiff's severe impairments include obesity. (Tr. 23.) At step three, the ALJ found that Plaintiff's impairments, singly or in combination, did not meet or medically equal one of the listed impairments. (*Id.*) At step four, the ALJ noted that Plaintiff's obesity contributed to his back impairment. (Tr. 25.) The ALJ specifically identified the

---

[1] SSR 19-2p, effective May 20, 2019, rescinded and replaced SSR 02-1p. *See* SSR 19-2p. However, SSR 02-1p and SSR 19-2p are substantially similar regarding the ALJ's consideration of obesity in determining a claimant's RFC. *Compare* SSR 02-1p *with* SSR 19-2p.

analysis required by SSR 19-2p and considered the impact Plaintiff's obesity may have

on his other impairments.  (Tr. 26.)  The ALJ found as follows:

> Considering this impairment singly and in combination
> with other impairments along with the hearing testimony,
> the undersigned finds that this impairment of obesity does
> cause more than minimal functional limitations.  While it
> may contribute to the claimant's back impairment, despite
> claimant's obesity he is still able to perform basic work
> related activities, as the claimant is able to drive, shop, and
> complete laundry.

(Tr. 26.)  This assessment is supported by the record.  (Tr. 39, 44, 204.)  The record

evidence also reflects that Plaintiff was able to remove his own shoes, could ambulate

without an assistive device, and could climb on and off a medical exam table "with

ease."  (Tr. 285.)  Accordingly, the undersigned recommends that the ALJ properly

considered Plaintiff's obesity.

Moreover, Plaintiff failed demonstrate that his obesity warranted additional

limitations in the RFC.  It is Plaintiff's burden to prove that he is disabled and unable

to work.  *See* 42 U.S.C. § 423(d)(5)(A); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th

Cir. 2003).  Because Plaintiff failed to identify any evidence in the record in support of

additional functional limitations due to his obesity, Plaintiff has not shown any

prejudice to warrant remand.  *See Vollmer v. Comm'r of Soc. Sec.*, No. 8:20-cv-1702-

DNF, 2022 WL 131196, at *8 (M.D. Fla. Jan. 14, 2022); *Anderson v. Kijakazi*, No. 8:20-

cv-947-AEP, 2021 WL 4146300, at *7 (M.D. Fla. Sept. 13, 2021); *Cassiani v. Comm'r

of Soc. Sec.*, No. 2:17-cv-196-FTM-MRM, 2018 WL 2980011, at *5 (M.D. Fla. June

14, 2018); *Collazo v. Comm'r of Soc. Sec.*, No. 2:16-cv-636-FTM-MRM, 2017 WL

4297242, at *9 (M.D. Fla. Sept. 28, 2017); *Sutherland v. Colvin*, No. 6:12-cv-3877-AKK, 2014 WL 3810248, at *5 (N.D. Ala. July 31, 2014); *King v. Colvin*, No. 5:12-cv-2957-AKK, 2014 WL 3543702, at *3 (N.D. Ala. July 15, 2014).  The undersigned therefore recommends that substantial evidence supports the ALJ's evaluation of Plaintiff's obesity.

### C. Psychiatric Review Technique ("PRT")

Plaintiff also contends that the ALJ erred in failing to include a psychiatric review technique form ("PRTF") or failed to properly incorporate the PRT analysis into her decision.  (Dkt. 22 at 15–17.)  The Commissioner argues in response that Plaintiff did not present a colorable claim of mental impairment warranting the PRT analysis.  (Dkt. 23 at 17–18.)

When a claimant presents a "colorable claim of mental impairment," the ALJ must complete a PRTF or incorporate the technique into his or her findings and conclusions.  *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005).  This technique requires the ALJ to examine the claimant's functional limitation in four areas: (1) ability to understand, remember, or apply information; (2) interaction with others; (3) concentration, persistence, and pace; and (4) ability to adapt or manage oneself. 20 C.F.R. § 416.920a(c)(3).  The ALJ must rate the claimant's degree of functional limitation in each area on a five-point scale: none, mild, moderate, marked, and extreme.  20 C.F.R. § 416.920a(c)(4).  Failure to apply this analysis, when warranted, "requires remand."  *Moore*, 405 F.3d at 1314.

"A colorable claim need not be a meritorious claim." *Jackson v. Astrue*, No. civ. 11-0533-N, 2012 WL 4212209, at *7 (S.D. Ala. Sept. 18, 2012). Rather, the claim must only have "some possible validity." *Arias v. U.S. Atty. Gen.*, 482 F.3d 1281, 1284 n.2 (11th Cir. 2007) ("For a constitutional claim to be colorable, the alleged violation need not be substantial, but the claim must have some possible validity.") (internal punctuation and citation omitted). Courts have applied this standard in assessing colorable claims of mental impairment in disability cases. *See Hayes v. Colvin*, No. cv-15-8-JCL, 2015 WL 12591707, at *4 (D. Mont. Dec. 7, 2015) (finding no colorable claim of mental impairment where the record lacked evidence of mental health treatment, mental health prescriptions, or allegations of depression or mental impairment as a basis for disability before the ALJ); *Jackson*, 2012 WL 4212209, at *7 (finding no colorable claim of mental impairment where the record included only a few references to depression, plaintiff had not been diagnosed with any mental disorder, and the alleged mental condition had not existed for twelve months); *Turner v. Astrue*, No. civ. 11-0177-M, 2011 WL 5827324, at *6 (S.D. Ala. Nov. 18, 2011) (finding no colorable claim of mental impairment where plaintiff never received mental health treatment and did not allege disability due to a mental impairment); *Spitler v. Astrue*, No. 2:10-cv-258-FTM-29, 2011 WL 4055416, at *14 (M.D. Fla. Aug. 24, 2011), *report and recommendation adopted,* No. 2:10-cv-258-FTM-29, 2011 WL 4055609 (M.D. Fla. Sept. 13, 2011) (finding no colorable claim of mental impairment where plaintiff did not mention a mental impairment to the ALJ, the record did not

- 14 -

include evidence of mental impairments, and the plaintiff explained that her outbursts were "quickly halted with the use of anti-depressants"); *Martin v. Comm'r of Soc. Sec.*, No. 6:10-cv-764-ORL-DAB, 2011 WL 3269682, at *5 (M.D. Fla. July 29, 2011) (finding a colorable claim of mental impairment where ALJ made inaccurate factual findings regarding the plaintiff's claims of depression and the plaintiff had a long standing diagnosis of a mental impairment).

There is some limited evidence of depression and anxiety in the record.  On January 16, 2019, following a fall that resulted in injuries, Plaintiff reported "[l]ittle interest or pleasure in doing things" and "[f]eeling down, depressed, or hopeless." (Tr. 292.)  Plaintiff was diagnosed with mild depression, but also had an appropriate mood and affect.  (Tr. 293.)  On January 31, 2019, Plaintiff reported having panic attacks and requested a prescription for alprazolam.  (Tr. 297.)  Dr. Munoz provided a prescription for alprazolam for fifteen days, without any refills.  (Tr. 298.)  During a follow up visit on March 22, 2019, Plaintiff again reported having anxiety and asked for a refill of the alprazolam.  Dr. Munoz diagnosed Plaintiff with generalized anxiety disorder and provided another fifteen-day prescription, without any refills.  (Tr. 295.)  There are a few other notations in the record reflecting that Plaintiff had anxiety at times.  (Tr. 354, 359, 360, 366.)  However, the record is otherwise devoid of any evidence of complaints of or treatment for a mental impairment.  Moreover, Plaintiff did not allege a mental impairment when he applied for benefits.   (Tr. 193.) Additionally, Plaintiff did not complain of a mental impairment when examined by a consultative examiner.  (Tr. 282.)  Plaintiff did not receive treatment from a mental

health specialist.  Plaintiff did not identify a mental impairment when the ALJ asked him what issues kept him from working.  (Tr. 37–44.)  As such, the undersigned recommends that Plaintiff did not present a colorable claim of a mental impairment and thus the ALJ did not err in failing to include a PRTF or perform the PRT analysis.  *See Hayes*, 2015 WL 12591707, at *4 ("The isolated references to depression in the medical records are insufficient to establish a colorable claim of mental impairment, which means the ALJ was not required to use the special psychiatric review technique or complete a PRTF."); *cf. Street v. Barnhart*, 133 F. App'x 621, 627 (11th Cir. 2005) ("[A]n administrative law judge is under no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.") (punctuation omitted) (citing *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996)).

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**RECOMMENDED**:

1.  The decision of the Commissioner be **AFFIRMED**.

2.  The Clerk of Court be directed to enter final judgment in favor of the
    Commissioner and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on January 27, 2022.


_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE


## <ins>NOTICE TO PARTIES</ins>

A party has fourteen days from this date to file written objections to the Report
and Recommendation's factual findings and legal conclusions.  A party's failure to file
written objections waives that party's right to challenge on appeal any unobjected-to
factual finding or legal conclusion the district judge adopts from the Report and
Recommendation.  *See* 11th Cir. R. 3-1.


Copies furnished to:
The Honorable William F. Jung
Counsel of Record

- 17 -