UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIEZER CLAUDIO LOZADA,

    Plaintiff,

v.                                                     CASE NO. 8:20-cv-1734-WFJ-JSS

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.
_____/

## ORDER

    Before the Court is Plaintiff's complaint seeking judicial review of the Commissioner of the Social Security Administration's ("Commissioner") decision finding Plaintiff not disabled and denying social security disability insurance benefits (Dkt. 1), and the well-reasoned report of United States Magistrate Judge Sneed recommending that the decision of the Commissioner be affirmed (Dkt. 26). Plaintiff, through counsel, filed timely objections. Dkt. 27.

    When a party makes timely and specific objections to the report and recommendation of the magistrate judge, the district judge shall conduct a *de novo* review of the portions of the record to which objection is made. 28 U.S.C. § 636(b)(1): Fed. R. Civ. P. 72(b)(3); *Jeffrey S. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). After such independent review, the Court may

accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem., Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing published opinion).

Plaintiff objects to the report and recommendation on the following grounds.

**I.        Dr. Munoz and Dr. Orbegozo's opinions**

The ALJ found treating physicians Dr. Munoz and Dr. Orbegozo's opinions were inconsistent with the "medical evidence as a whole" and not supported by the weight of the evidence in the record. Tr. 25. Plaintiff claims the ALJ improperly rejected their opinions based on "misidentified, misstated, and inaccurate facts." Dkt. 27 at 1. If this is true, then the ALJ's decision is not supported by substantial evidence.

Plaintiff cites three examples in support of his objection: 1) both doctors relied on the objective, abnormal MRIs; 2) the physical examination of Dr. Orbegozo showed leg weakness; and 3) both doctors found that Plaintiff would require the use of a cane after five minutes. Tr. 40, 343–44, 349–50, 361, 368. Although these two doctors' notes contain this information, the ALJ found the leg weakness and prescribed use of cane inconsistent with the objective medical evidence, including evidence within those very notes. Tr. 25, 285, 295, 298, 300, 302, 304, 361, 367 (*see e.g.* walks without cane with ease, walks normally, normal lower extremities strength, no leg weakness). The ALJ also determined both

doctors' opinions relied on the claimant's subjective complaints of pain, which complaints were not supported by the medical evidence. Tr. 25. Finally, the ALJ found that the Plaintiff's testimony at the hearing was inconsistent with both the information he had given to these two physicians and the observations of another medical examiner. Tr. 25, 41, 283, 285, 295, 298, 300, 302, 304, 361, 367 (exaggerated pain behavior, amount of relief from pain medications, *etc.*).

The Court agrees with the magistrate judge that the ALJ properly followed the regulations in assessing the medical source opinions. Dkt. 26 (citing regulations and case law). Further, the ALJ articulated explicit and adequate reasons for discounting the Plaintiff's subjective claims of pain, and those reasons are supported by substantial evidence. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002) (holding ALJ made reasonable decision to reject claimant's subjective testimony); *Rodriguez v. Kijakazi*, No. 8:20-cv-1610-AEP, 2022 WL 611600, at *3, 6 (M.D. Fla. Mar. 2, 2022) (citing *Dyer* and *Wilson*). In making recommendations, the magistrate judge did not improperly reweigh the evidence or substitute judgment for the ALJ.

## II. Obesity as impairment

The ALJ found Plaintiff's obesity was a severe impairment that only minimally impacted Plaintiff's functioning. Tr. 23, 26. Plaintiff objects to this

finding on the basis that the ALJ should have identified the significant limitations caused by obesity in the RFC assessment. Plaintiff asserts that by finding obesity a severe impairment, the ALJ necessarily found Plaintiff's work activities were severely limited by obesity per the definition of "severe impairment," citing *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

As noted by the magistrate judge, "a finding or diagnosis of obesity does not equate with a finding of disability." Dkt. 26 at 10 (citing applicable case law). Here, the record includes no evidence demonstrating that the Plaintiff's obesity affected his ability to perform work-related functions. *Id*.

The Court agrees with the magistrate judge that the ALJ considered the limiting effects of obesity when she assessed the Plaintiff's RFC and found that Plaintiff's impairments, including obesity, did not meet or medically equal one of the listed impairments. Dkt. 26 at 11 (citing Tr. 23). Further, the ALJ noted that obesity contributed to the Plaintiff's back impairment but "he is still able to drive, shop, and complete laundry." Dkt. 16 at 12 (citing Tr. 26, 39, 44, 204). The record evidence shows that he could ambulate without a cane and climb on and off the examining table with ease. Dkt. 26 at 12 (citing Tr. 285). Plaintiff has failed to carry his burden of identifying any record evidence of additional functional limitations due to his obesity. Dkt. 26 at 12 (citing applicable case law).

4

### III.  Mental Impairment

The ALJ did not conduct psychiatric review technique ("PRT") analysis. Plaintiff objects and states that the existence of record evidence of depression, anxiety, and the medications he took for them, requires a PRT analysis and the failure to do so requires remand.  Dkt. 27 at 8.  As the magistrate judge details, there is limited evidence of depression and anxiety in the record and the Plaintiff did not raise his mental issues in his application for benefits, later when he was examined by Dr. Gupta, or before the ALJ when asked what issues kept him from working.  Dkt. 26 at 15 (citing Tr. 37–44, 193, 282, 292, 293, 295, 297, 298, 354, 359, 360, 366).  Based on this record and the law cited in the magistrate's report (Dkt. 26 at 16), the Court adopts the recommendation that the Plaintiff failed to establish a colorable claim of mental impairment requiring a PRT analysis.

Having conducted a *de novo* review of the record, including the transcript of the proceedings before the ALJ and all the medical records, with regard to each specific objection lodged by Plaintiff, the Court agrees with the thorough report of the magistrate judge.  The ALJ applied the correct legal standard in reaching a decision which was supported by substantial evidence.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's objections (Dkt. 27) are overruled.

2) The report and recommendation (Dkt. 26) is approved, confirmed, and adopted in all respects and is made a part of this order.

3) The Commissioner's decision denying Social Security disability benefits to Plaintiff is affirmed.

4) The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE AND ORDERED** at Tampa, Florida, on March 14, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record